**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4437**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

JASON R. SMOOT, a/k/a Rome,

              Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:18-cr-00005-JPB-JPM-1)

Submitted:  September 22, 2020              Decided:  September 24, 2020

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank C. Walker II, FRANK WALKER LAW, Clairton, Pennsylvania, for Appellant. Stephen L. Vogrin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason R. Smoot pleaded guilty, pursuant to a written plea agreement, to distribution of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860. On appeal, Smoot's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether counsel was ineffective, whether the district court had jurisdiction over Smoot's criminal case,[1] and whether the district court erred in accepting Smoot's guilty plea. Smoot was advised of his right to file a pro se supplemental brief and has done so.[2] We affirm.

Because Smoot withdrew his motion to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To demonstrate plain error, Smoot "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights. In the Rule 11 context, this inquiry means that [Smoot] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* at 816 (citation and internal quotation marks omitted). Our review of the Rule 11 colloquy reveals full compliance with Rule 11, and Smoot's guilty plea was valid.

---

[1] We reject Smoot's jurisdictional challenge as patently frivolous.

[2] We have considered the issues raised in Smoot's pro se brief and conclude they lack merit.

2

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal. *United States v. Maynes*, 880 F.3d 110, 113 n.1 (4th Cir. 2018), unless "the lawyer's ineffectiveness conclusively appears from the record," *United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006). To allow for adequate development of the record, a defendant must bring his ineffective assistance claims, if at all, in a 28 U.S.C. § 2255 motion. *Id.* & n.4. Because Smoot fails to meet the relevant standard, we decline to address his ineffective assistance of counsel claim in this appeal.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment and, at this juncture, deny counsel's motion to withdraw. This court requires that counsel inform Smoot, in writing, of the right to petition the Supreme Court of the United States for further review. If Smoot requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Smoot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*